**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

BANKERS STANDARD INSURANCE
COMPANY, a Pennsylvania company,

    Plaintiff - Appellant,

v.

JTEC, INC., a Wyoming corporation,

    Defendant - Appellee,

and

PINNACLE CONSTRUCTION AND
DEVELOPMENT, LLC, a Wyoming
limited liability company; TZOMPAS
PLUMBING LLC, a Wyoming limited
liability company,

    Defendants.

No. 23-8068
(D.C. No. 2:22-CV-00104-NDF)
(D. Wyo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **EBEL**, and **MORITZ**, Circuit Judges.
_____

Bankers Standard Insurance Company sued JTEC, Inc. for professional

negligence, alleging that JTEC negligently designed a water system for a home that

Bankers insured. The district court granted JTEC's motion for summary judgment,

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. But it may be cited for its
persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

ruling that Bankers' subrogated claim was barred by the statute of limitation in Wyo. Stat. Ann. § 1-3-107. On appeal, we found Wyoming law unclear, so we sua sponte certified the following question to the Wyoming Supreme Court under Tenth Circuit Rule 27.4, Wyo. Stat. Ann. § 1-13-104 to -107, and Rule 11 of the Wyoming Rules of Appellate Procedure:

> When does a professional's "act, error[,] or omission" occur under Wyo. Stat. Ann. § 1-3-107 in a tort action (1) between parties not in contractual privity; (2) alleging an engineer negligently designed a component part of an engineering plan; where (3) the engineer submitted several sets of plans, each containing the allegedly defective design?

*Bankers Standard Ins. Co. v. JTEC, Inc.*, No. 23-8068, 2024 WL 3326993, at *4 (10th Cir. July 1, 2024) (unpublished).

The Wyoming Supreme Court accepted the certified question and has now issued an opinion holding that (1) "the absence of contractual privity is not relevant in determining when the statute of limitation attaches in a tort action"; and (2) "the statute of limitation in § 1-3-107 attaches to the design that was the legal cause of the alleged injuries," meaning "the alleged act, error, or omission that was a substantial factor in bringing about the plaintiffs' injuries." *Bankers Standard Ins. Co. v. JTEC, Inc.*, No. S-24-0168, 2025 WL 1260498, at *10 (Wyo. May 1, 2025). Applying those holdings to the facts in this case, the Wyoming Supreme Court concluded that the record did not reveal which act, error, or omission was a substantial cause of the injury. *Id.* Specifically, the record lacked "sufficient facts to determine which set of engineering plans were used by the plumber to install the [faulty plumbing]." *Id.*

2

These rulings establish that the district court erred in relying on contract principles to determine that the relevant act, error, or omission for this tort claim was the date that JTEC concluded its contractual obligations by submitting its final set of plans. Instead, the statute-of-limitation issue in this case turns on the date of the plans that the plumber used to install the faulty plumbing. *See id.* And we agree with the Wyoming Supreme Court that the summary-judgment record does not reveal this information. To be sure, in response to our questioning at oral argument, Bankers did not dispute that the plumber likely used the final set of plans. But given the lack of record support, we will not hold Bankers to that in-the-moment guess. We accordingly reverse the district court's order granting summary judgment to JTEC and remand for further proceedings.

Entered for the Court

Nancy L. Moritz
Circuit Judge

3